Anglin v. Merchants Credit Corp., and for the appellants, Anglin, we've got James Sturtevant, and for Merchants Credit Corporation, again, we have Mr. Rosenberg. So why don't we, this is case set for 10 minutes per side. I've been sort of a casual presiding judge and letting people go over their time, but if you can keep within your time limits, that will help the court get its work done, but if you need a little more time, as I said, you'll get it. So Mr. Sturtevant, could you please proceed with your argument? You're on mute. Mr. Sturtevant's on mute. Wait. There we go. Okay. Okay. Can you hear me okay then? I can hear you. Okay. I mean, this case reminds me a little bit of a story that Abraham Lincoln, attributed Abraham Lincoln, and he asked the chap, if you call the tail of a dog a leg, how many legs does a dog have? And the chap replied, five. And Abraham Lincoln replied, was it four? That's wrong. It's four. It's four because a tail is simply not a leg. And that's, you know, the issue revolving, the key one I see here is, you know, what is a judgment? And Civil Rule 54A and B state what a judgment is. Those criteria have to be met. And in this situation, in this particular case, a merchant's credit through its attorney garnished when there was no final judgment. And, or a judgment that met the requirements of 54A and, or B. It could have been made a final judgment and could have been executed on if the findings of 54B had been entered, but they were not. And when we found out about it, we went in, moved it quash. The court granted it. The district court, following the case of Floor, as an aside, the case of the, of Angelo V. Angelo, you know, was in apposite the issue of what a final judgment is. And the trial court, as in Floor, was not argued there. And it was just an aside. The appellate court threw in when no one raised or argued the issue. So the issue you get into is, do you need, the trial court basically ruled that you have to update definition of a judgment and said that you do not, that if you have a document in a file that says judgment, then you can execute on it. And as in the Abraham Lincoln story, you know, putting the name judgment on a case, on a document doesn't, unless and until it meets the criteria. Of civil rule 54A and B, it is not a final judgment and you cannot, and it is unlawful to execute on it. And I guess the second point argument is that it's somehow, even though the judgment, the trial court quashed the judgment, it is a bag of tell of no consequence. And, you know, I, you know, this is not, clearly not an evidentiary ruling in the case. It is something that went from the court to Heidi Anglin's employer. Her funds, even though the money, the money was returned, the fund, her funds were tied up for the time of the garnishment. If you look on the record, you will see that once the motion to quash was filed, you know, merchants didn't come in and say, oh my, we made a mistake. We withdraw it immediately. We actually had to go to a hearing on it. So, you know, so as I say, there's a period of time there, and that is damage to lose the use of your money, you know, to have a quarter of your income taken. And I want to point as, as an aside, I actually looked up the etymology of the word judgment, and it goes back to the 13th century. And so it seems to me that civil rule 54 A and B are the culmination of rather an extended period of the common law. And I, well, anyway, I'll, I think I said enough. And I, let me ask you a question. Even, even assuming that the district court was wrong here, because as you say that it wasn't a final judgment, you didn't make that argument on appeal. The only argument you made, unless I'm missing something, is that, is that a, that a violation of state garnishment law is a per se violation of the FDCPA. And that's, I don't, I don't think you have any support for that. You didn't make this argument that you're talking about now, as I recall. What do you say about that? Well, I thought I did. I, I, that, that would be the heart of my case. I, Isn't the heart, isn't the heart of your case that a violation of state garnishment law is a per se violation of the FDCPA? No, it would be a, no. I mean, I don't know. I mean, maybe I misapprehended my brief, but I'm just saying that if you violate, if you violate state garnishment law, that can't, that gives rise to a violation of the FDCPA. But I don't think that's right, though. Did you read the Wade case? No, I, yeah, I read Wade. Yeah. Well, that seems to say the opposite of what you're asserting now, unless I'm missing something. Well, Wade involved a collection agency in California that was not registered to do business in Idaho. And it, it sent a, a, a letter to a debtor in Idaho that simply said, you owe this money. And they sued saying that the, that before they could send that letter, they had to be registered. Didn't we say that a violation of state law is not a per se violation of federal law? That's all. And that's the argument I thought you made in your brief here. Well, no, I'm, I'm not contending that. I'm saying that this involves litigation. Garnishment is litigation. The quashing of the garnishment is litigation. And it's very, and I cited a series of cases that said, you know, some from Wisconsin, at least one or two from Wisconsin, that said the violation, that if you, if you follow the statute, there's no FDCPA violation. That's the way I would summarize it. And if there is a, and if you don't follow it, there is an FDCPA violation. And I think the cases say that if you follow state law, you're in good shape. If you don't follow it, you're not in good shape. And there's an FDCPA violation. That's at least the way I have read the cases. And no, it's not a matter of just a mere violation of state law. You know, garnishment is a creation of statute. It did not exist at the common law, but you still have to go through the judicial process to obtain and serve a garnishment and to quash it. And that's something I think, profoundly different than sending a letter, someone in California sending a letter to remind someone living in Idaho that they owe money. And I think the cases say, you know, you follow, if you follow the statute, you're safe. And even if people don't like it, I, I'd like to reserve some time for rebuttal. I, um, counsel, when you come back, would you please point us in the record to where you raised your final judgment argument before the district court? I will take a look before the district court. Correct. The question from Judge Adam was whether or not you raised this argument before the district court. Well, I, I don't think he raised it before our court. Oh, before our court either? Yeah, I, that's what I was going on. I don't think it was raised, this final judgment argument in the brief in our circuit, but. I, I. Well, I'm curious as to whether it was raised in the district court. I would feel a little more comfortable addressing it if it were made at the district court than if it were not made at the district court at all. So if you could just answer both of those questions when you come back. Thank you. It will conclude the opening part of Mr. Sturtevant's argument. I, although his time was up, we'll give him two minutes for rebuttal. If that is enough, we'll proceed to Mr. Rosenberg for appellee. Thank you, Your Honor. Mark Rosenberg on behalf of Appellee's Merchants Credit Corporation and its attorney, Jason Baller. Before I launch into what I had prepared, I think it's very important here that counsel has indicated that if statute is followed, if law is followed, there's no violation. Well, what we had here, Your Honor, and as the district court pointed out, there was no violation of statute or law. All we had was an irregularity in a procedural CRLJ 51. But going back to our argument here, this is the second time this case has been before this court with two district judges having twice dismissed this meritless case as a matter of law. We also note that the Anglins did not file any reply brief. So the arguments and authority in our response brief remain uncontroverted. In regard to their opening brief, the Anglins cite only a few cases, all of which are easily distinguishable because the defendants in those cases clearly engaged in violative conduct, such as changing a caption in a garnishment to collect against someone who had not had a judgment against them. Each and every one of those cases. So we're not arguing that the FDCPA can never apply to a garnishment case, but we are arguing that there was no such violation here. There was a mere irregularity in regard to a procedural rule which was brought before the state court judge and remedy. Counsel, would you agree that on page nine of the Anglins brief, they did say that the creditors attempted to garnish on a non-final judgment? That that's I'm assuming what they say if you're reading it from the the page there. What do you don't remember what was it you don't remember what was in the opening brief that you Well, I can go take a look at it. What page are you looking at, Your Honor? Are you reading from? Page nine. Page nine of the appellant's brief. I would assume that when you prepare for argument, you would know what was argued by your opposing, by opposing counsel. Okay. Yeah. I just didn't know particularly what words were on what page. I am prepared for that is that there was a judgment. It was a valid judgment. The Anglins admit they owed the money. They still owe the money, although now that they got their money back, they owe it with interest. What counsel is saying is that the counterclaims had not also been litigated. And so until the counterclaims were litigated, there wasn't a final judgment, but there was a judgment and it was a valid judgment. And even if the counterclaims had come out against merchants, all that would happen would be there would be that there would be an offset. It's not like merchants wouldn't still be entitled to the money that they owed that was owed to them in the judgment. So there was a judgment. And even if we say there wasn't a final judgment, again, there is no violation of any statute in regard to 6.27. All you have is a procedural rule, CRLJ 51. And there's nothing in the statute in regard to following CRLJ 51. The Anglins raised it in the district court, got the remedy they wanted. And so there was no violation of law. They got the money back. And so we've provided abundant authority, pages of it, which state that a mere irregularity in a make. What's your response to opposing counsel's position that the deprivation of the money for whatever period of time elapsed until it was refunded constitute damages? There is no damages here because we've provided legal authority that says it's not a damage if you owe the money. And they owe the money. But if they were deprived of money for a period of time that they shouldn't have been deprived, why was it refunded? Well, it was refunded because the judge said, you know, the garnishment shouldn't be taking place now. And he corrected that. Okay. So if they shouldn't have received the money when they did, why isn't that deprivation of those funds for the period when it was held without authority? Because she owed the money. She actually owed the money. That's not the point. The point is, when were they entitled to take the money from the debtors? And if the money was taken earlier than it should have been, then it was out of their possession for a time when it should not have been out of their possession. Why is that not an injury? I understand what you're saying, Your Honor. But as the district court pointed out, there is nothing in the statute about that. That is not a law in RCW 6.27. And my clients did follow RCW 6.27. But the district court, something was wrong. Otherwise, the district court would not have quashed the writ. Right. The district court felt that it was appropriate in that instance to wait until a decision was had on the counterclaims. And the counterclaims ultimately were dismissed. So, I mean, basically my client, the Anglins were in the same place that they would have been. Nothing changed. They still owe the money. Do you agree that garnishment on a non-final judgment violates the FDCPA? No. I think that as we've stated in our brief and provided abundant authority, if what occurred was merely an irregularity in a procedural rule, it does not violate the FDCPA. How do you say that it's an irregularity? It sounds to me, I mean, I don't know what exactly an irregularity is, but if you got a non-final judgment and under the state law, you're not supposed to garnish on that, then why is that not a violation of the FDCPA? It's not under state law. There is no law that says that, you know, no statute that says that, no case that says that. The only thing that says that is a procedural rule. Are you familiar with the McNair case? In McNair, we said that an attempt to collect attorney's fees that were not yet approved violate the FDCPA. Why is this different? Because those attorney's fees were not yet approved, but a judgment is an approval by the judge that the money is owed. But there was no final judgment. I didn't say final judgment. I was an amount that was owed by the Anglers. In the example you're giving me, there was no approval of any kind in regard to the attorney's fees. There was an approval by the judgment entry in regard to the monies owed by the Anglers. Council, the two cases we've just had, are these cases indicative of the way your client goes about collecting monies that are due? Have continuous irregularities in the collection of debts? Well, we have two separate clients and two separate issues. And so, no, I don't think it's indicative of anything other than that these two cases got put on the docket at the same time and they both happen to deal with garnishments. But, I mean, the vast majority of things like this go on without a hitch. And in this particular case, all that happened was that a state court procedural rule for an inferior court indicated that the garnishment shouldn't happen until the final judgment was in. Well, oftentimes, you know, collection agencies count on no one, you know, challenging the practices that are utilized to do the garnishment. It's kind of, you know, they kind of roll out assembly line fashion. You know, I disagree, Your Honor, and it's, I have heard judges before say that my client wears a black hat because they're a collection agency. But in all honesty, Your Honor, my client works very hard to do the right thing under various, you know, strict statutory regulations. And while there may have been a problem with, you know, collection agencies back in the 1970s when the FDCPA was written, these days what you mainly see are small procedural issues that plaintiffs are suing on. At least that's what I see. I don't think you can simply because these two cases dealt with garnishments indicate that there's a problem indicative within the collection industry. Well, your cases aren't the only cases we hear, counsel. I'll just leave it at that. Yes, Your Honor. In any case, Your Honor, I think the authority we've presented in our briefing speaks for itself. Again, it's unrebutted. And I would also note, Your Honor, in regard to the CPA claim, not only can this court affirm on grounds that were relied on by the district court, but it can rely on grounds that are supported by the record. And I think the district court could have and should have also dismissed this case, the CPA claims and all claims essentially on the claim splitting ground and on the Rooker-Feldman ground. Because basically what you have here is an order from the court in the state district court that quashed the subpoena, quashed the garnishment, had plaintiffs sought fees at that time, could have gotten fees at that time. It is an internal procedure. I don't mean to build up too much time here. All I want to say is that there are other grounds for dismissal, and I think the court should affirm dismissal. Okay, counsel. Thank you. Thank you, Your Honor. You're a little over your time, but that's proper because you're answering the court's questions. But at this point, we'll return to the rebuttal on Mr. Strittemann. Well, I looked through my brief. I haven't had the chance to check the record on this precise point. And here I say on page 11, I say, in essence, the court asked the court to overrule Flower Enterprises Inc. v. Walter Construction Ltd. that requires a final Washington C.R. 54 A.M.B. judgment before a debt collector could garnish, you know. Counsel, I think we already established that that was in your brief, so you probably could better use your time with something, with moving on. You know, the thing that bugged me. Well, counsel, you don't get to be bugged by a question from the court. Well, it wasn't your question, ma'am. But still, I don't care whose question it is. You don't get to be bugged by a question from the court. Ardona Moi, I'm sorry. I apologize to the judges. And I'm, anyway, and thank you for your reprimand. I will observe, heed it henceforth. The only other thing is, if you look at the CPA statute, I cited cases that applied the CPA to garnishments. The amicus brief, you know, you argue that, as the court ruled, that the CPA and the Collection Agency Act do not apply to litigation is incorrect. There's state law stating that. In the record, I put in literally thousands of cases that merchants filed to collect debt. And, you know, and suing is part of their trade in business. I'm going to object. This is not rebuttal. This has nothing to do with what I argue. This is a new argument that I don't have a chance to respond to. I think that's a fair point, Mr. Sturtevant, in your rebuttal argument. You should be addressing issues that Mr. Rosenberg had raised. Well, all I can say is I believe the record supports the CPA action and cite cases to that effect. And I Jay, I'm busy. Bye. We've got to wrap this up. I agree. I think I've simply summarized. I didn't address the issue of, well, anyway, you've got the briefs. They're intelligent people. And we will review all of your arguments on both sides carefully. And the issues are well covered in the briefs. Unless my colleagues, Judge Rawlinson or Judge Adelman have a further question, we will submit the Anglin case now. I can't. Thank you, Your Honors. So Anglin submitted. Anglin is now submitted.
judges: GOULD, RAWLINSON, Adelman